Per Curiam.

The question presented is whether the Tax Commissioner has. authority under Section 5703.05, Revised *393 Code, to issue a certificate of abatement for an erroneous overpayment of use tax within the five-year period preceding an application therefor, even though the taxpayer failed to file an application for refund within the time prescribed by Section 5741.10, Revised Code, relative to refund of use taxes illegally or erroneously paid.
There is no doubt that an overpayment of use tax was made to the state, and that an application for refund of such erroneous payment was not made within the 90-day limitation period prescribed by Section 5741.10, Revised Code.
Section 5703.05, Revised Code, provides in part:
‘ ‘ All other powers * * * of the Department of Taxation * * * are vested in and shall be performed by the Tax Commissioner, which powers * * * shall include, but shall not be limited to the following:
í Í * * #
“(B) Exercising the authority provided by law relative to remitting or refunding taxes or assessments * * * illegally or erroneously * * # collected, or for any other reason overpaid * * * and in addition the commissioner has the authority on written application of any person, firm or corporation claiming to have overpaid to the Treasurer of State at any time within five years prior to the making of such application any tax payable under any law which the Department of Taxation is required to administer * * * and, if he shall find that there has been an overpayment, issue in triplicate a certificate of abatement payable to the taxpayer * * V’ (Emphasis supplied.)
It is clear from the above-quoted provisions of Section 5703.05, Revised Code, that, under, facts such as exist in the instant case, the remedy of abatement is “in addition” to the remedy of refund provided in Section 5741.10, Revised Code. The section, after granting to the Tax Commissioner the ‘ ‘ authority provided by law relative to remitting or refunding taxes, ’ ’ provides, “and in addition the commissioner has the authority,” etc. This indicates an intent on the part of the General Assembly to grant to the commissioner some new authority in addition to the authority already given him by the preceding language of the section. The section then provides that, where there has been an overpayment of “any tax payable under any law which the Department of Taxation has the power to ad *394 minister,’’ the commissioner shall issue “a certificate of abatement payable to the taxpayer. ’ ’
The Department of Taxation has the power to administer the use tax. Clearly, the abatement procedure was intended by the General Assembly to be available to a taxpayer in case he has erroneously overpaid his use tax. There is no requirement in the statute that the taxpayer must elect between the two remedies, refund and abatement, available to him with respect to erroneous overpayment of taxes. The two remedies are distinct and have different limitation periods. Section 5741.10, Bevised Code, relates to refund of use tax erroneously overpaid, whereas Section 5703.05, Bevised Code, relates to abatement of any tax erroneously overpaid.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell, Collier and O’Neill, JJ., concur.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.